**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHERLIE NUNN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

      Defendant-Appellee.

No. 97-7121
(D.C. No. 96-CV-659)
(E.D. Okla.)

**ORDER AND JUDGMENT** **

Before **TACHA** , **LOGAN** , and **LUCERO** , Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Sherlie Nunn alleges disability due to back pain, carpal tunnel syndrome, and problems with her right shoulder and elbow.  The Administrative Law Judge (ALJ) found that claimant has the residual functional capacity to perform light work not involving repetitive overhead reaching or more than occasional bending, twisting, stooping, crouching, or climbing.  Appellant's App. Vol. II at 34.  After considering the testimony of a vocational expert at step five of the relevant sequential analysis,     see Williams v. Bowen  , 844 F.2d 748, 751 (10th Cir. 1988), the ALJ further found that claimant could perform a significant number of jobs in the national economy.  She therefore did not qualify for disability benefits.  The Appeals Council and the district court affirmed that conclusion.

On appeal, Ms. Nunn asserts that the ALJ failed to evaluate properly her pain, thus tainting his conclusion that she could do light work.  She further takes exception to the determination that there are a significant number of other jobs which she could perform within her functional capacity.

We review this decision to determine only whether the relevant findings are supported by substantial evidence and whether the Commissioner applied correct legal standards.  See Hargis v. Sullivan  , 945 F.2d 1482, 1486 (10th Cir. 1991).

-2-

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. We will not reweigh the evidence or substitute our judgment for that of the Commissioner. See id.

As mentioned above, the ALJ found claimant capable of performing light work which, by definition, requires the ability to stand six out of eight hours. See S.S.R. 83-10, 1983 WL 31251, at *6. It is this standing component which, along with a greater lifting requirement, differentiates light work from sedentary work. See id. at *5. Because of claimant's age and lack of transferrable skills, if she cannot do prolonged standing and can only do sedentary work, she is disabled. See 20 C.F.R. Pt. 404, Subpt. P., App. 2, Rule 201.14. Claimant argues that the ALJ failed to analyze her ability to stand for prolonged periods. We agree and reverse and remand for further findings.

Claimant asserts that she can stand for only three to four minutes at a time. Her medical history indicates she suffers from "multi-level degenerative disc disease with annular disc bulge and protrusions, most prominent at the L4, 5 L5-S1 levels." Appellant's App. Vol. II at 214. An EMG revealed denervation in the right S1 innervated muscles. See id. at 215. Claimant's records establish her attempts to obtain relief from back pain for more than a year before her alleged onset date. See id. at 168. This objective evidence is sufficient to prove the existence of a pain-producing impairment, see Winfrey v. Chater, 92 F.3d 1017,

1020 (10th Cir. 1996), thus triggering the need for the analysis required by Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), and ultimately the need for the ALJ to explain why the "specific evidence . . . led him to conclude claimant's subjective complaints were not credible," Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

Part of the ALJ's analytical task here was to determine claimant's residual functional capacity (RFC), defined as what she could still do despite her limitations. See 20 C.F.R. § 404.1545 (a). In arriving at an RFC, agency rulings require that an ALJ must provide a narrative discussion describing how the evidence supports his or her conclusion. See S.S.R. 96-8p, 1996 WL 374184, at *7. The ALJ must "discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis . . . and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Id. Specifically, in a case such as this where pain is alleged, the ALJ must "[s]et forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. A function-by-function evaluation is necessary in order to arrive at an accurate RFC. See id. at

*4.  If the ALJ simply did not believe claimant's allegations about her inability to stand, he should have articulated that conclusion so that this court could review it. "Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."    Houston v. Bowen , 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted).

The closest the ALJ comes to citing specific evidence is a reference to claimant's treatment by Dr. Karasek who noted that, after having reported strong improvement following steroid injections, claimant presented with new and general complaints.  Dr. Karasek theorized that there might have been be a functional component afoot and that secondary gain issues may have played a role.  Here, again, however, the ALJ did not link any of this to claimant's ability to stand six out of eight hours.

The ALJ implicitly concluded that claimant can stand for prolonged periods because he found her capable of doing light work.  He did not specify the evidence supporting that conclusion, however, thus running afoul of this circuit's law as particularly discussed in    Kepler , 68 F.3d at 390-91.

As a final note, claimant argues that, even if she could perform light work, the jobs proffered by the vocational expert in this case cannot be used as evidence to meet the commissioner's burden at step five where he must demonstrate that claimant can do other work existing in substantial numbers in the national

economy. Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken, if claimant can stand for the prolonged periods required by light work, she has advanced no reason why she cannot perform the jobs of cashier, see Dictionary of Occupational Titles, 211.462-010 (4th ed. 1991), or arcade attendant, see id. at 342.667-014. Should the ALJ, on remand, be able to articulate properly why claimant's back condition does not preclude prolonged standing and/or walking, he can rely on these jobs identified by the vocational expert to find claimant not disabled.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and this case is REMANDED to that court with instructions to remand to the Commissioner for the limited purpose of making express findings consistent with this order and judgment.

Entered for the Court


Deanell Reece Tacha
Circuit Judge

-6-